**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| : | |
| v. : | CRIMINAL ACTION NO. |
| : | 1:10-CR-086-RWS |
| Omar Cubillos, : | |
| Carlos Mendoza, and : | |
| Remberto Argueta, : | |
| | |
| Defendants. | |

### **ORDER**

This case is before the Court for consideration of Government's Motion to Exclude Co-Defendants' Statements under Rule 807 [780]. The Government's motion follows Notices by Defendants Argueta [778] [782] and Cubillos [786] of intention to introduce statements of co-defendants under Federal Rule of Evidence 807. Defendant Mendoza filed a Motion to Partially Adopt Government's Motion to Exclude Statements [787]. After reviewing the record, the Court enters the following Order.

Rule 807, the residual hearsay exception, "is to be used very rarely, and only in exceptional circumstances." United Tech. Corp. v. Mazer, 556 F.3d

1260, 1279 (11th Cir. 2009) (internal quotations omitted). Hearsay evidence is admitted under Rule 807 only when "certain exceptional guarantees of trustworthiness exist." Id.; see also Fed. R. Evid. 807(a)(1). Here, the co-defendants' statements are self-exculpatory and therefore lack the requisite level of trustworthiness. See Mazer, 556 F.3d at 1279 (statements by targets in criminal investigations that implicate others and diffuse and mitigate declarant's own culpability lack guarantees of trustworthiness); see also United States v. Puerto, 2010 WL 3191765, at *6 (11th Cir. Aug. 12, 2010) ("[T]he statements here are not worthy of trust because of their very nature as exculpatory statements.").

Therefore, the Government's Motion to Exclude is **GRANTED**.

**SO ORDERED** this 20th day of September, 2012.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

2